IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Cr. No. 06-352 |
| | ) |
| WILLIE ANDREW HAMPTON | ) |

## OPINION

Pending before the Court is Defendant's Motion to Dismiss Indictment On Jurisdictional Grounds With Brief in Support Thereof [Doc. # 61]. For the reasons set forth below, Defendant's Motion to Dismiss the Indictment against him is denied.

Defendant was charged by indictment with violating 18 U.S.C. § 922(g)(1), the federal statute which precludes felons from possessing a firearm. Defendant contends that the Indictment against him must be dismissed with prejudice because "[t]wo Supreme Court cases, Jones v. United States, 529 U.S. 848, 120 S.Ct. 1904 (2000), and United States v. Morrison, 529 U.S. 598, 120 S. Ct. 1740 (2000), taken together with an earlier Supreme Court watershed precedent, United States v. Lopez, 514 U.S. 549, 115 S. Ct. 1624 (1995), compel the conclusion that [18 U.S.C. § 922(g)(1)] is unconstitutional either as written or as applied and the indictment should therefore be dismissed." Defendant's Motion to Dismiss Indictment, p. 2.

It is well settled law in this circuit that 18 U.S.C. § 922(g)(1) is a constitutional exercise of Congress' Commerce Clause powers. See United States v. Singletary, 268 F.3d 196, 205 (3d Cir. 2001), cert.den'd, 535 U.S. 976 (2002) (after considering the effect of the United States Supreme Court decisions in, inter alia, Jones v. United States, 120 S.Ct. 1904

(2000, <u>United States v. Morrison</u>, 120 S. Ct. 1740 (2000), and <u>United States v. Lopez</u>, 115 S. Ct. 1624 (1995), appellate court held that "proof . . . that the gun had traveled in interstate commerce, at some time in the past, was sufficient to satisfy the interstate commence element [of 18 U.S.C. §922(g)]."). <u>See also</u> <u>United States v. Coward</u>, 296 F.3d 176, 183-84 (3d Cir. 2002) (same). Moreover, contrary to Defendant's argument, we opine that were the United States Supreme Court to review this issue, it would conclude, for the same reasons the Third Circuit court has so found, that 18 U.S.C. § 922(g)(1) is a constitutional exercise of Congress' Commerce Clause powers. Accordingly, Defendant's argument that on its face and as applied 18 U.S.C. § 922(g)(1) is unconstitutional fails.

Accordingly, Defendant's Motion to Dismiss Indictment on Jurisdictional Grounds With Brief in Support Thereof is denied.

Finally, Defendant indicated in an earlier motion that if this Motion to Dismiss is denied, Defendant will be entering a conditional guilty plea. <u>See</u> Defendant's Motion to Postpone Change of Plea, ¶ 3(b) [Doc. #59]. Accordingly, having denied Defendant's Motion to Dismiss, Defendant's guilty plea will be taken by this Court on November 5, 2007 at 11:30 AM in Courtroom 8A, United States Courthouse and Post Office, 700 Grant Street, Pittsburgh, PA 15219.

November 1, 2007

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Cr. No. 06-352 |
| | ) |
| WILLIE ANDREW HAMPTON | ) |

## ORDER

AND NOW, this 1st day of November, 2007, it is hereby ORDERED, ADJUDGED, AND DECREED that Defendant Willie Andrew Hampton's Motion to Dismiss Indictment On Jurisdictional Grounds With Brief in Support Thereof [Doc. #61] is DENIED.

It is further ORDERED, ADJUDGED, and DECREED that Defendant's guilty plea will be taken by this Court on November 5, 2007 at 11:30 AM in Courtroom 8A, United States Courthouse and Post Office, 700 Grant Street, Pittsburgh, PA 15219.

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior District Court Judge