# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| WILLIE ANDREW HAMPTON, | ) | |
|---|---|---|
| | ) | CR 06-352 |
| | ) | (Related to CA 11-220) |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

## OPINION

**I. Introduction.**

Pending before the Court is Petitioner Willie Andrew Hampton's *pro se* "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" [ECF #107]. Petitioner pled guilty on November 5, 2007 to violating 18 U.S.C. §§ 922(g)(1). He was sentenced on July 23, 2008 to 180 months' imprisonment. Petitioner appealed the district court's judgment and on November 2, 2009, the United States Court of Appeals for the Third Circuit affirmed the judgment. Petitioner then filed a petition for writ of certiorari with the United States Supreme Court on January 6, 2010. The Supreme Court denied Petitioner's petition on February 22, 2010.

Respondent United States of America ("the Government") was to file its Response to Petitioner's § 2255 Motion on May 11, 2011. Instead it requested additional time to file its response.

For the reasons set forth below, Petitioner's § 2255 Motion is denied. Further, the "Government's Request for Continuance to File Response to 28 U.S.C. § 2255 Motion"

[ECF #109] is denied as moot.

## II. Timeliness of Petitioner's § 2255 motion.

In order for this Court to reach the substance of Petitioner's § 2255 motion, his motion must have been timely filed. 28 U.S.C. § 2255 states in pertinent part:

> [a] one year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final. . . .

28 U.S.C. § 2255(1). As explained by the United States Court of Appeals for the Third Circuit in Kapral v. U.S., 166 F.3d 565, 567 (3d Cir. 1999), "a 'judgment of conviction becomes final' within the meaning of 28 U.S.C. § 2255[(1)] on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires."

Here, Petitioner's petition for writ of certiorari was denied by the United States Supreme Court on February 22, 2010. Therefore, his judgment of conviction became final for purposes of § 2255 on February 22, 2010 and his § 2255 motion, filed on February 18, 2011 was timely filed under 28 U.S.C. § 2255(1).

## III. Standard of Review under 28 U.S.C. § 2255.

28 U.S.C. § 2255 provides a means of collaterally attacking a sentence imposed after a conviction. U.S. v. Cannistraro, 734 F. Supp. 1110, 1119 (D. N.J. 1989), aff'd, 919 F.2d 133 (3d Cir. 1990), cert. den'd, 500 U.S. 916 (1991). Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the

2

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." U.S. v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (citing Hill v. U.S., 368 U.S. 424, 428 (1962)).

The Court must consider the motion together with all the files, records, transcripts and correspondence relating to the judgment under attack. See 28 U.S.C. § 2255, Rule 4(b) of the Rules Governing Section 2255 Proceedings. A district court considering a § 2255 motion "'must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record,'" U.S. v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989)), and a court "abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief." Booth, 432 F.3d at 546 (citing U.S. v. McCoy, 410 F.3d 124, 134 (3d Cir. 2005). However, the final disposition of a § 2255 motion lies with the discretion of the trial judge, see Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), and a district court may summarily dismiss a §2255 motion where the motion, files, and records "show conclusively that the movant is not entitled to relief." U.S. v. Mason, 2008 WL 938784, 1 (E.D. Pa. 2008) (citing Forte, 865 F.2d at 62).

3

"Section 2255 generally may not be employed to relitigate questions which were raised and considered on direct appeal." U.S. v. DeRewal, 10 F.3d 100, 105 n. 4 (3d Cir. 1993) (internal quotations omitted). Moreover, "if a petitioner has failed to raise an objection at the time of trial and has also failed to raise the issue on direct appeal, then collateral review of that claim is procedurally barred unless the petitioner is able to show 'cause' excusing his procedural default and 'actual prejudice' resulting from the alleged error or violation." Henry v. U.S., 913 F. Supp. 334, 335 (M.D. Pa. 1996). See also U.S. v. Essig, 10 F.3d 968, 979 (3d Cir.1993) (holding that the "cause and prejudice" standard set forth in U.S. v. Frady, 456 U.S. 152 (1982) "applies to § 2255 proceedings in which a petitioner seeks relief from alleged errors in connection with his sentence that he has not directly appealed"). However, a petitioner need not demonstrate cause and prejudice when raising a claim of ineffective assistance of counsel for the first time in a collateral attack. Massaro v. U.S., 538 U.S. 500, 504, 123 S.Ct. 1690 (2003)(holding that an "ineffectiveness" claim can be brought in a collateral proceeding under § 2255 regardless of whether the same issue could have been addressed on direct appeal); DeRewal, 10 F.3d at 104.

**IV. Legal Analysis.**

    **A. Knowing and voluntary waiver issue.**

Petitioner makes four arguments in support of his § 2255 motion. His first argument is that his waiver of the right to file a collateral appeal such as the instant motion is not enforceable because the district court failed to ascertain whether he understood that he was giving up the right to appeal both the validity of his plea and the

4

legality of his sentence, and in doing so violated Fed.R.Crim.P. 11. See Memorandum of Law in Support of Petitioner Willie A. Hampton's Motion under 28 U.S.C. § 2255 to Vacate Sentence ("Petitioner's Supporting Memorandum"), p. 2. The Plea Agreement signed by Petitioner on November 5, 2007 stated: "Willie Andrew Hampton further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."

"A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." U.S. v. Khattak, 273 F.3d 557, 561 (3d Cir. 2001) (citing U.S. v. Mezzanatto, 513 U.S. 196, 201 (1995)). Such waivers are enforceable "provided they are entered into knowingly and voluntarily and their enforcement does not work a miscarriage of justice." U.S. v. Mabry, 536 F.3d 231, 237 (3rd Cir. 2008) (citing Khattak, 273 F.3d at 561).

A court has "an independent obligation to conduct an evaluation of the validity of a collateral waiver." Id. at 238. Specifically, we must examine (1) the "knowing and voluntary nature" of the waiver, based on what occurred and what the defendant contends, and (2) whether the enforcement of the waiver would work a "miscarriage of justice." Id. at 237. "Whereas a defendant bears the burden of presenting an argument that would render his waiver unknowing or involuntary, a court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice, based on the record evidence before it." Id. at 237-238 (citing Khattak, 273 F.3d at 563).

5

As stated above, Petitioner contends that this Court violated Fed.R.Crim.P.11 by not informing him of the provision in the plea agreement containing the waiver and determining that he understood the terms of the waiver provision. Rule 11 provides in pertinent part:

> Before the court accepts a plea of guilty . . . the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:
>
> . . .
>
> (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed.R.Crim.P. 11(b)(1)(N). In U.S. v. McKoy, 350 Fed. Appx. 732 (3d Cir. 2009), an unpublished decision, the appellate court explained:

> Because [Petitioner] did not object at his plea hearing to a Rule 11 error, he must satisfy, in light of the whole record, the plain-error rule. United States v. Goodson, 544 F.3d 529, 539 (3d Cir.2008). "Plain error requires that there must be (1) error, (2) that is plain or obvious, and (3) that affects a defendant's substantial rights." Id. (citing Johnson v. United States, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (quoting Johnson, 520 U.S. at 467, 117 S.Ct. 1544) (internal quotation marks omitted).

Id. at *2. In Goodson, supra., the appellate court "held the District Court committed error when it 'relied upon the prosecutor's recitation of the terms of the appellate waiver to fulfill its obligation to inform the defendant of the specifics of the waiver provision'" and "further held that, although the Court did ask the defendant personally whether he understood that he had given up substantial appellate rights, it committed error because 'there was no effort to verify that [the defendant] understood the breadth of the waiver or

6

to underscore the fact that the waiver meant that, subject to three very narrow exceptions, [he] was giving up the right to appeal both the validity of his plea and the legality of his sentence'." Id. (citing Goodson, 544 F.3d at 540).

Turning to the facts of this case, at the change of plea hearing we did not expressly discuss with Petitioner that the plea agreement waived his right to collaterally attack sentence. Instead, we asked the government "to briefly tell us what's in that plea agreement, and then I'm going to ask you [Petitioner] and [your defense counsel] if you agree with his recitation of what's in the agreement." Transcript of Plea Hearing, p. 22. As part of his recitation, the government stated: "Mr. Hampton also waives the right to file a motion to vacate his sentence under 28 USC 2255." Id. at p. 28. Later in the proceeding, we inquired of Petitioner: "Mr. Hampton, reviewing all the things that we've discussed today, is it still your wish to enter a plea of guilty and waive your right to a trial by jury?" Id. at p. 34. The Court further stated: "Mr. Hampton, since you do acknowledge that you are, in fact, guilty as charged in the indictment and based on our discussion today, I find that you know your right to a trial, what the maximum possible punishment is, and that you are voluntarily pleading guilty, I'll accept your guilty plea and enter a judgment of guilty on your plea." Id. at p. 36-37. The Petitioner then signed the change of plea endorsement. Under these facts, we find that we did not follow the mandate of Rule 11 that we "must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right . . . to collaterally attack the sentence." Further, we find that this error was plain and obvious.

Thus, we turn, as we must, to whether the Petitioner has "demonstrated that the deficient colloquy affected his substantial rights by precluding him from knowing of and understanding the significance of the binding [collateral] waiver in the plea agreement." Goodson, 544 F.3d at 540. In U.S. v. Corso, 549 F.3d 921 (3d Cir. 2009), the appellate court explained:

> The Supreme Court has held that, in order to demonstrate that substantial rights were affected, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004); see United States v. Hall, 515 F.3d 186, 194 (3d Cir. 2008)). But where, as here, the defendant does not seek the reversal of his conviction (i.e., does not seek to withdraw his guilty plea) but only challenges the validity of his appellate waiver so that he may appeal from his sentence, he is obliged to show a reasonable probability that the Rule 11 error "precluded him from understanding that he had a right to appeal and that he had substantially agreed to give up that right." Goodson, 544 F.3d at 541; see also United States v. Sura, 511 F.3d 654, 662 (7th Cir.2007) ("If the safeguard required by Rule 11 is missing, the record must reveal an adequate substitute for it, and the defendant must show why the omission made a difference to him."); United States v. Murdock, 398 F.3d 491, 497 (6th Cir.2005) (holding that "a defendant can prove that his substantial rights are affected when he shows that the district court failed to comply with the key safeguard in place to protect those rights and that there was no functional substitute for that safeguard"); but cf. United States v. Borrero-Acevedo, 533 F.3d 11, 18 (1st Cir.2008) (holding that a defendant "must show that the waiver of appellate rights was deficient and that he would otherwise not have pled guilty" in order to meet the burden to show that substantial rights are affected). "The reasonable-probability standard is not the same as, and should not be confused with, a requirement that a defendant prove by a preponderance of the evidence that but for error things would have been different." Dominguez Benitez, 542 U.S. at 83 n. 9, 124 S.Ct. 2333.

Id. at 929-30.

Petitioner signed the plea agreement prior to the start of the change of plea hearing. During the course of the plea hearing the following occurred. Petitioner testified

8

at the plea hearing that he went to the 12th grade in school. Plea Hearing Transcript, p. 10. In response to the Court's question "have you been able to communicate with your client in the sense you believe he understands you and you understand him," defense counsel testified, "you can tell on this topic of 924(e) it can be a pretty complicated matter; but in terms of the plea agreement and the choice of plea versus trial and what the elements of this offense are, I believe he does understand this hearing here today." Id. In answer to the Court's question "[d]o you clearly understand exactly what's happening here and now?" Petitioner responded "I mean yeah, you know what I'm saying, I'd say yes, sir. As far as the 922, I understand that; the 924 I don't." Id. at 11. After the Government recited the terms of the plea agreement at issue, the Court asked "Is that a fair statement of what's in the agreement, Mr. Livingston?" Id. at p. 29. The Court did not make a similar inquiry to Petitioner. The Court asked Petitioner "reviewing all the things that we've discussed here today, is it still your wish to enter a plea of guilty and waive your right to a trial by jury?" Id. at 34. This question was never answered.

In preparation for sentencing, defense counsel provided the Court with a psychiatric report. The report indicated that Petitioner is mildly mentally retarded.

Looking at the record evidence as a whole, we find that the Petitioner has "demonstrated that the deficient colloquy affected his substantial rights by precluding him from knowing of and understanding the significance of the binding [collateral] waiver in the plea agreement." Id. A reading of the plea hearing transcript makes it clear that it was Petitioner's position that his three prior convictions for violating 35 Pa.C.S.A. §780-113(a)(30) should not be counted as 3 separate convictions for purposes of determining

whether he was an armed career criminal under 18 U.S.C. § 924(e) and that he did not comprehend that under the terms of the plea agreement he would be giving up the right to appeal a determination by the sentencing court that the three prior convictions were properly counted as three separate convictions under 18 U.S.C. §924(e).

Thus, we turn to the query of whether the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. We find that the error does seriously affect the fairness, integrity, or public reputation of judicial proceedings because Petitioner had clearly expressed his position with respect how his prior convictions should be treated for sentencing purposes and we did not preserve his right to appeal any determinations adverse to this position.

Therefore, we find that Petitioner's waiver of his right to collaterally appeal his sentence was not knowing and voluntarily and we will address the substantive arguments contained in Petitioner's § 2255 motion.

### B. Ineffective Assistance of Counsel.

Petitioner's substantive arguments in support of his § 2255 motion fall under the umbrella of his being provided ineffective assistance of counsel such that his right to counsel under the Sixth Amendment to the United States Constitution was violated. Indeed, all of his arguments are interrelated in that they are premised upon the contention that Petitioner was incorrectly sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). First, Petitioner argues that he was denied effective assistance of counsel when his counsel erroneously advised him in open court that he would have the ability to appeal this court's ruling that

Petitioner's prior record qualified him for the armed career criminal act enhancement when, in fact, the right to appeal this issue was not preserved in the Plea Agreement. Petitioner's Memorandum, p. 10. Second, Petitioner argues that defense counsel was ineffective because counsel did not investigate and argue at the sentencing hearing that Petitioner's convictions under 35 Pa.C.S.A. § 780-113(a)(30) did not qualify as "serious drug offenses" under 18 U.S.C. §924(e)(2)(a)(ii) so as to trigger an armed career criminal enhancement; on this issue, Petitioner contends that the state statute under which he was convicted provided a maximum sentence of five (5) years and to qualify as a "serious drug offense" for purposes of ACCA enhancement, the prior federal or state drug offense must carries a "maximum term of imprisonment of ten years or more." Id. at p. 21. Finally, Petitioner contends that defense counsel was ineffective because Petitioner is actually innocent of being an Armed Career Criminal. Id. at pp. 30-31.

"A claim of ineffective assistance requires a defendant to establish that counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant." McAleese v. Mazurkiewicz, 1 F.3d 159, 166 (3d Cir. 1993) (citing Strickland v. Washington, 466 U.S. 668, 687-688 (1984)).

In assessing the first prong of the Strickland "ineffective assistance of counsel" analysis, the Supreme Court has instructed that "[t]he proper measure of attorney performance" is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. This is an objective standard, and must be "viewed to the extent possible without 'the distorting effects of hindsight.'" Duncan v. Morton, 256 F.3d 189, 200 (3d Cir. 2001) (quoting Strickland, 466 U.S. at 688-90). In addition, a "reviewing court 'must

11

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" McAleese, 1 F.3d at 175 (quoting Strickland, 466 U.S. at 692). "The defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689.

At the second part of the Strickland analysis, "[t]o establish prejudice, a defendant must demonstrate that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Weeks v. Snyder, 219 F.3d 245, 257 (3d Cir. 2000) (quoting Strickland, 466 U.S. at 694). The Supreme Court has explained that a "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." Id. at 694. In making the prejudice determination, the court must consider the totality of the evidence. Id. at 695.

A petitioner's claim of ineffective assistance must identify the specific errors that counsel is alleged to have made. Conclusory allegations are not sufficient to support a petition under Section 2255. Blackledge v. Allison, 431 U.S. 63, 74 (1977). See also U.S. v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (citing U.S. v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988) (reiterating that "vague and conclusory allegations contained in a 2255 petition may be disposed of without further investigation by the District Court.").

With respect to the advice given to Petitioner at the July 23, 2008 sentencing hearing, the transcript of the hearing indicates that defense counsel stated: "[u]nder Supreme Court authority, whether he is or isn't [an armed career criminal] is a ruling by this Court that is reviewable on appeal. " Sentencing Transcript, p. 23. Defense counsel

also made the following statement near the conclusion of the sentencing hearing, after the Judgment had been announced:

> [Petitioner] just said something else that has been a subject of our discussions that I want to put something on the record about so that it is clear what is going on with respect to his consideration.
>
> . . .
>
> The issue that he has expressed just now related to the prospect of him withdrawing his guilty plea and having a jury trial on these charges
>
> It has been my ongoing advice to him that the method of challenging the sentence in this case is already preserved by a conditional plea agreement, which the Court already reviewed when it accepted Willie's guilty plea.
>
> . . .
>
> The conditional plea agreement preserved Willie's ability to appeal both the suppression issue, the interstate commerce issue, and, because this issue arguably exceeds the statutory maximum, Willie also has the ability to appeal the Court's ruling on legal grounds that his prior record qualifies him for the armed career criminal enhancement.
>
> . . .
>
> It is my advice, both privately to Willie and publicly on the record, that it is unwise for him to withdraw his guilty plea.

Id. at pp. 37-39.

18 U.S.C. 924(e) provides in relevant part:

> (e)(1) In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

13

(2) As used in this subsection—

(A) the term "serious drug offense" means—

(i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
(ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]

Id. In 1989, Petitioner was convicted in Pennsylvania state court of three (3) counts of violating 35 Pa.C.S.A. § 780-113(a)(30), based upon his selling heroin. Under the version of 35 P.S. §780-113 in effect at the time period relevant to Defendant's crimes:

(f) Any person who violates clause (12), (14) or [clause] (30) of subsection (a) with respect to:

(1) A controlled substance or counterfeit substance classified in Schedule I or II which is a narcotic drug, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding fifteen years . . . .

(2) Any other controlled substance or counterfeit substance classified in Schedule I, II, or III, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding five years . . . .

35 P.S. § 780-113(f) (footnote omitted). Under Pennsylvania law, heroin is a Schedule I drug and a narcotic drug. See 35 P.S. §§ 780-102; 780-104. Therefore, the maximum sentence for Appellant's conviction under 35 P.S. § 780-113(a)(30) was fifteen years imprisonment, as outlined by 35 P.S. § 780-113(f)(1), and not as Petitioner argues, five years imprisonment, as outlined in 35 P.S. § 780-113(f)(2).

> Furthermore, as explained in U.S. v. Ballard, 2009 WL 637384 (E.D. Pa.):
>
>> [t]o count convictions for the purpose of § 924(e), the Third Circuit has adopted the "separate episode" test, in which "the individual convictions may be counted for purposes of sentencing enhancement so long as the criminal episodes underlying the convictions were distinct in time." In other words, a court may count prior convictions resulting from criminal episodes that were distinct in place and/or time but not multiple convictions arising out of a single criminal episode.

Id. at *9 (quoting U.S. v. Schoolcraft, 879 F.2d 64, 73 (3d Cir. 1989) (citation omitted). Applying the "separate episodes" test to the instant case, Petitioner was convicted of three separate criminal episodes: (1) he was convicted at Criminal No. 808045A for his delivering heroin on April 19, 1988 to an undercover Pennsylvania State Police trooper; (2) he was convicted at Criminal No. 8808269A for his delivering heroin on May 12, 1988 to an undercover Pennsylvania State Police trooper; and (3) he was convicted at Criminal No. 8808042 for his delivering heroin on May 18, 1988 to an undercover Pennsylvania State Police trooper. That the three separate cases were tried at the same 2009 time by a single judge and that the judge later sentenced Petitioner with respect to all three convictions at the same time does not alter this conclusion.

Thus, even if we assume that defense counsel's advice to Petitioner that he would be able to appeal the sentencing court's determination that he was an armed career criminal was incorrect and not reasonable under prevailing professional norm, we still find that defense counsel did not render ineffective assistance of counsel when he told Petitioner that his right to appeal the court's armed career criminal determination was preserved under the terms of the plea agreement. This is so because even if that statement was incorrect, the determination that Petitioner had "three previous

15

convictions . . . committed on occasions different from one another" for purposes of 18 U.S.C. § 924(e), was correct. Therefore, Petitioner cannot establish that "the deficient performance prejudiced the defendant."

Similarly, because Petitioner was correctly sentenced as an armed career criminal, any failure by defense counsel to research, investigate or argue at the sentencing hearing that Petitioner was an armed career criminal whose section 922(g)(1) conviction qualified him for enhanced sentencing would not have prejudiced Petitioner.

Thus, we find that Petitioner has not established that he was provided with ineffective assistance of counsel in violation of his rights under the Sixth Amendment and his § 2255 motion shall be denied.

## V. Additional Requests.

Petitioner also requests that upon granting his § 2255 motion, further proceedings with respect to this matter be conducted expeditiously, that he be permitted to enter an "open plea of guilty" to the § 922(g)(1) charge with a limited stipulation and no waivers of any kind, and that upon resentencing he not be given any term of supervised release. Petitioner's Memorandum, pp. 36-37. Given the Court's finding that his § 2255 motion is be denied, these additional requests are also denied.

## VI. Certificate of Appealability.

The remaining issue before this Court is whether a certificate of appealability ("COA") should be issued with respect to Petitioner's § 2255 motion. A court should issue a certificate of appealability where a petitioner makes a "substantial showing of the

16

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this burden by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000). We find that jurists of reason would not find our assessment of Petitioner's constitutional claims to be either debatable or wrong. Therefore, the Court will deny a certificate of appealability.

**VII. Conclusion.**

Petitioner's §2255 motion is denied and a certificate of appealability will not be issued with respect to Petitioner's §2255 motion. An appropriate order will follow.

May _15_, 2011

_Maurice B. Cohill Jr._
Maurice B. Cohill, Jr.
Senior District Court Judge

cc: Willie Andrew Hampton